UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

CASE NO: 21-CR-175-TJK

v.

ENRIQUE TARRIO,

    **Defendant.**

_____/

### REPLY TO UNITED STATES OPPOSITION TO DEFENDANT'S MOTION FOR THE GOVERNMENT TO PRODUCE BRADY DISCOVERY

COMES NOW, Defendant, Enrique Tarrio (hereinafter referred to as "Tarrio"), by and through undersigned counsel and requests this Honorable Court to enter an order requiring the Government to produce Brady Discovery which is in their care, custody and control, directly or indirectly. This Reply is drafted in Response to Government's Opposition to Defendant's Request:

The United States Constitution guarantees fairness and equity in criminal prosecutions by requiring the Government to specifically disclose Brady material. In the instant case, the Government attempts to shirk their constitutional duty by reasoning (1) the Defense's request would not produce Brady material because the Defense cannot prove that the requested communications are relevant to guilt or punishment; (2) the request is overbroad and the Defense needs to specify when, where, and who has the Brady material because the evidence is voluminous; and (3) the Government is already disclosing Brady material. These arguments should be rejected and Defense's motion should be granted.

NH | NAYIB HASSAN, P.A

I. RELEVANCE TO GUILT OR PUNISHMENT

Specifically, the Government argues in their opposition that the Proud Boys changed their organizational structure, implementing a "top down structure" for January 6; the Proud Boys dressed "incognito" (without colors) on January 6 in an attempt to hide from law enforcement; and the Government infers the Proud Boys' insidious intentions from the foregoing and the reorganizations of their chat structures. Communications that Tarrio (or other Proud Boys) had with MPD (confirmed through the over 20 terabytes of discovery) would be Brady material, probative and relevant to the guilt of the accused.[1] Tarrio specifically communicated with MPD and informed them that the Proud Boys were not dressing in "colors" to protect themselves from the aggressive Far-Left Violent groups (Antifa & BLM) that had attacked, stabbed, and injured members of the Proud Boys in the past.

These examples of communications between the Proud Boys and the MPD spawned MPD interoffice communications regarding the information relayed by Tarrio and the Proud Boys such as:

The point of contact between Tarrio and the MPD was Intelligence Officer Lt. Shane Lamond. Lt. Lamond memorized his communications with Tarrio and the Proud Boys and received multiple communications within the department including SMS messaging relating as to the department being concerned that the Proud Boys weren't coming to town on January 6, 2021 dressed incognito and inquiring if the gossip was correct.

This dialogue was followed up by SMS messaging between officers (*MPD Bagshaw, MPD Carroll, MPD Lamond*) that signaled the following:

> "We saw this yesterday. He (Tarrio) told me (Lt. Lamond) they (Proud Boys) are trying to go incognito this time. Even if they aren't wearing their colors they will

---

[1] This evidence was not disclosed as Brady material. Many more similar communications exist.

stick together as a group so we should be able to identify them. Not to mention they won't be head to toe in black with makeshift shields!"

No internal memorialized communications of the MPD or any other law enforcement agency have been provided to the defense that is material to the guilt or to the punishment of Tarrio.

Additional communications between law enforcement agencies prior to the previous rallies is relevant to the guilt of the accused and specifically targets the Government's theory of the case stated in their opposition.

II.     BREADTH AND VOLUME OF BRADY MATERIAL

The Government filed the first indictment on January 19, 2021, lodged its first Superseding Indictment against four named co-conspirators on March 9, 2021, and filed a Second Superseding Indictment including Tarrio on March 7, 2022. However, the Government started investigating this matter on or shortly after January 6, 2020. While Tarrio's defense team is relatively new on the case, we have been voraciously digesting the voluminous discovery as quickly as possible. The Brady material essential to the defense has not been provided and time is running out. The Government with their unlimited budget and resources, teams of Ivy-league trained lawyers, swarms of FBI agents, and thousands of support staff have provided mountains of discovery except what the defense really needs and which the Government fears most: evidence of Tarrio's innocence through his communications with law enforcement and the corroboration of that communication via interagency communications. Why would a seditious traitor planning to overthrow the Government advise law enforcement of his exact plans, movements, activities, and manner of dress before the event that will forever be a taint on our great country? The answer is simple, Tarrio is innocent of the charges levied against him. He was a planning a rally, as he had done countless times before, nothing more.

The Government claims that they would have no idea of the Proud Boy roster or who the communications would be from. This is nonsensical. The Government does know the law enforcement agencies involved in the organization and preparation of the rallies. The Government does know what the evidence used to compile the FBI summaries that they reference in their opposition. It is not any communication that is requested, but *communications to and between law enforcement concerning the rallies by the Proud Boys that is Brady material*.

The Government also complains that this information is beyond their case team. The duty to disclose Brady material is not, has not, and will not ever be limited to the case team, but rather extends to the law enforcement agencies involved in the investigation and involvement in the various rallies that the Government uses to develop the pattern that they rely upon in their opposition as a basis to claim a "change" in the January 6 preparation.

III. STATUS OF DISCOVERY

The Defense team has attempted to work amicably with our colleagues from the Government. We requested evidence that is relevant, materially affects the guilt or punishment of our client, and is of utmost importance to our client's defense. The information was never provided. Only when the Defense filed the Brady Motion, was there movement from the Government. The Government does not want this Brady discovery found; it would be a calamity for their case. The Government cannot be allowed to hide behind an impregnable cloak of prosecutorial anonymity shielding them from responsibility because this specific team of prosecutors does not know, or does not possess the needed discovery. The Brady motion is especially important since the Government intends to offer 404 (b) evidence.[2] The 404 (b) evidence that the Government intends to illicit include, amongst other events, a rally from December 12, 2020 and another unrelated incident from the Oregon State Capitol dated December 21, 2020. The Oregon State Capitol 404

---

[2] US Department of Justice letter dated February 11, 2022

NH | NAYIB HASSAN, P.A

(b) attempt to introduce is quite interesting as the Government would go to great length to introduce an unrelated incident not involving the Proud Boys and encumber the defense with that voluminous discovery but yet not provide discovery which is directly relevant to the guilt or innocence of Tarrio which are the internal communications within law enforcement regarding the Proud Boys.

In their opposition, the Government claims that they are already providing Brady material voluntarily and therefore should not be ordered to do the same. While the defense appreciates the goodwill and voluntary nature of the Government, this argument should not be a basis to deny Defense's motion but rather be the basis of an Agreed Order to provide Brady material within a certain time limit.

## **CONCLUSION**

The Government is duty bound to provide Brady material to the Defense. In this matter, the communications requested are relevant to Tarrio's guilt. If law enforcement agencies, local or federal, were made aware by the Proud Boys of their anticipated movements, activities, planning, communications, and motives prior to rallies including January 6, then this was not the top secret, top-down organizational plan meant to overthrow the United States government as the indictments charge. The requested discovery will prove it.

-THIS SPACE IS LEFT INTENTIONALLY BLANK-

For the foregoing reasons, Tarrio respectfully requests that the Defense motion be granted and the Government be ordered to provide Brady discovery within a date certain giving the Defense a reasonable amount of time in order to adequately prepare for trial which is set for December 12, 2022.

                          **Respectfully submitted,**

                          */s/ Nayib Hassan*

                          _____
                          **Nayib Hassan, Esq., Fla Bar No. 20949**
                          **Attorney for Defendant**
                          **LAW OFFICES OF NAYIB HASSAN, P.A.**
                          **6175 NW 153 St., Suite 221**
                          **Miami Lakes, Florida 33014**
                          **Tel. No.: 305.403.7323**
                          **Fax No.: 305.403.1522**

## CERTICICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to the US Attorney's Office on this 24th day of August 2022 to the following:

    Jason McCollough
    Erik Kenerson
    Nadia Moore
    Conor Mulroe

**Respectfully submitted,**

*/s/ Nayib Hassan*

**Nayib Hassan, Esq., Fla Bar No. 20949**
**Attorney for Defendant**
**LAW OFFICES OF NAYIB HASSAN, P.A.**
**6175 NW 153 St., Suite 221**
**Miami Lakes, Florida 33014**
**Tel. No.: 305.403.7323**
**Fax No.: 305.403.1522**