UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-175-5 (TJK) |
| v. : | |
| : | |
| ENRIQUE TARRIO, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
EMERGENCY MOTION FOR FURLOUGH**

On September 8, 2022, defendant Tarrio filed an emergency motion, asking the Court to allow him a "short furlough" from pretrial detention to allow him to attend the funeral and cremation ceremonies for his grandmother, which are scheduled to take place on September 9 and 10, 2022. ECF No. 456. As the Court noted by Minute Order dated September 8, 2022, the defendant's motion cites no statutory or case authority authorizing the relief he requests, nor does he provide the Court with any concrete plans. In that same Minute Order, the Court ordered the government to respond to defendant Tarrio's motion by 5 p.m. today. Accordingly, the government's response follows:

The Court has the authority to order temporary release pursuant to 18 U.S.C. § 3142(i). That provision provides, in pertinent part, "The judicial officer may . . . permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." The Court, in its discretion, could (but is not required to) find that temporary release to attend funeral services of a loved one provides a compelling reason under that statute. *See United States v. Williams,* 2020 WL 4431565 (W.D. Pa. July 31, 2020) (unpublished) (acknowledging that the defendant's motion for temporary release to

1

attend a funeral was governed by 18 U.S.C. § 3142(i), but denying the motion). Under the standard articulated in *Williams*, Tarrio is required to demonstrate (1) that his temporary release is necessary for the preparation of his defense or another compelling reason, and (2) that he could be released to the custody of the United States marshal or another appropriate person. *Id.* at *2, citing *United States v. Lee*, 2020 WL 1541049, at *6 (D.D.C. Mar. 30, 2020) (analyzing § 3142(i) in the context of the COVID-19 pandemic).

Defendant's motion, as the Court's Minute Order notes, "does not point to any logistical groundwork that has been laid" to support his requested furlough. Under the framework laid out above, that is his burden. Undersigned counsel is sympathetic to the time constraints at play here, and if the defendant presents a concrete plan to the Court, the government would be happy to weigh if it would be helpful to the Court. Defendant's motion correctly represented that the government ultimately defers to the Court in the exercise of its discretion as to whether to grant the motion, if the defendant is able to make a more concrete proffer than his original motion did.

        Respectfully submitted,

        MATTHEW M. GRAVES
        United States Attorney
        D.C. Bar No. 481052

By:   */s/ Erik M. Kenerson*
      ERIK M. KENERSON // Ohio Bar No. 82960
      JASON B.A. MCCULLOUGH
        D.C. Bar No. 998006
      NADIA E. MOORE // N.Y. Bar No. 4826566
        On Detail to the District of Columbia
      Assistant United States Attorneys
      601 D Street NW
      Washington, D.C. 20530
      (202) 252-7201
      Erik.Kenerson@usdoj.gov

                                           */s/ Conor Mulroe*  
                                         Conor Mulroe // N.Y. Bar No. 5289640  
                                         Trial Attorney // U.S. Department of Justice,  
                                             Criminal Division  
                                         1301 New York Ave. NW  
                                         Suite 700  
                                         (202) 330-1788  
                                         conor.mulroe@usdoj.gov