UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

CASE NO: 21-CR-175-TJK

v.

ENRIQUE TARRIO,

        Defendant.

_____/

## *MOTION IN LIMINE TO EXCLUDE/LIMIT/OR MODIFY GOVERNMENT'S PROPOSED EXHIBITS*

**COMES NOW** the Defendant, Enrique Tarrio, by and through his attorneys, and respectfully moves for an Order to exclude, limit, or modify the government's trial exhibits.

### I.    SUMMARY OF CIRCUMSTANCES PERTINENT TO MOTION

The government has provided the defense with a twenty-eight (28) page preliminary exhibit list detailing hundreds of items, digital files, photographs, and countless hours of videos. There are also modules which seem to be multiple layers of evidence combined with audio visual presentations. The government has not informed the defense which parts or segments of video or the evidence it actually intends to show the jury, which makes it impossible for the defense to formulate a specific response. Most of the exhibits and videos contain inadmissible evidence, lack foundation, and are inherently and incurably substantially prejudicial to the

1

defense. Additionally, the exhibit list is unnumbered which makes identification of specific items with any certainty nearly impossible. The audio and video exhibits are laced with profanity, racism, sexism, homophobic, and rude obnoxious behavior among other egregious conduct, none of which have been redacted and have no probative value. Moreover, some of the items have incomprehensible computer-generated titles and their relevancy or purpose is hard to decipher.

Many, if not most, of the videos do not contain the Defendants in this case. They depict criminal conduct by other individuals not charged in this alleged criminal conspiracy. There are hundreds of hours of video footage depicting the January 6 incident from every possible vantage point. This evidence is cumulative and not relevant to the Defendants and/or the elements of the charges at issue.

## II.   **STANDARD**

A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and even-handed management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services,* 115 F. 3d 436, 440 (7th Cir. 1997).  A motion in

limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

The Federal Rules of Evidence provide that generally relevant evidence is admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**Government Exhibits that contain evidence that must be excluded, limited, or modified:**

1. Any videos taken on January 6 depicting the incident at the Capitol that do not show the members of the instant alleged conspiracy on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative.

3

2. Any video, messages, communications, and/or audio portrayal of any racist, sexist, homophobic, language and/or symbolism on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative.

3. Any video, messages, communications, and/or audio portrayal that discuss "BLM" Black Lives Matter on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative.

4. Any video, messages, communications, and/or audio recording that discuss Tarrio's previous arrests for any crime on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative. *See also Fed R. Evid.609, United States v. Pruett,* 681 F 3d 232, 246 (5th Cir. 2012).

5. Any and all reference to the 1776 document allegedly received, but Government cannot show if it was ever opened nor was forwarded by Tarrio on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, and misleads the jury. It is

also inadmissible hearsay and its foundation is impossible to ascertain.

6. Any and all photos depicting Proud Boys memorabilia/paraphernalia such as shirts, hats, coins, lighters, etc. on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative. The Proud Boys organization is not on trial here, just these alleged conspirators. In one of the photos Mr. Tarrio's department of corrections identification card is also depicted which surely must be excluded.

7. Any and all videos depicting Tarrio's arrest and location in the jail on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative.

8. Any and all reference to Tarrio's alleged burning of a "BLM" Black Lives Matter Banner on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative.

9. Any and all references to Tarrio stealing the BLM banner from the Asbury Methodist Church on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative.

10. Any and all videos characterized by the prosecution as open source hearsay videos without foundation of any kind on the basis of relevancy, or in the alternative that it is unduly prejudicial, causes confusion of the issues, misleads the jury, and is needlessly cumulative. Many of these videos are media and reporter "hit pieces" narrated against the Proud Boys and specifically Mr. Tarrio.

11. The Court should preclude the prosecution from introducing or referring to any documents or other evidence that were not timely provided to the defense in reciprocal discovery and in contravention to this Honorable Court's deadline and discovery order. The defense is drowning in last minute, untimely discovery, and new witnesses are appearing daily with executed plea agreements from June of this year.

## **CONCLUSION**

6

WHEREFORE, Mr. Tarrio respectfully moves this District Court grant the motion in limine to exclude, limit, or modify the government's exhibit in its entirety.

Respectfully submitted,

**BY: /s/ Sabino Jauregui, Esq.**
D.C. Bar No. 494765
Jauregui Law, P.A.
1014 West 49 Street
Hialeah, Florida 33012
Phone 305-822-2901
FAX 305-822-2902

*/s/ Nayib Hassan*
Florida Bar No. 20949
Attorney for Defendant
LAW OFC.OF NAYIB HASSAN
6175 NW 153 St., Suite 221
Miami Lakes, Florida 33014
Tel. No.: 305.403.7323
Fax No.: 305.403.1522

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to the US Attorney's Office on this 14th day of October, 2022 to the following:

Jason McCollough
Luke Jones
Erik Kenerson
Nadia Moore

***BY: /s/ Sabino Jauregui, Esq.***
D.C. Bar No. 494765
Jauregui Law, P.A.
1014 West 49 Street
Hialeah, Florida 33012
Phone 305-822-2901
FAX 305-822-2902

8