**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) Case No. 1:21-cr-175-TJK |
| | ) |
| | ) |
| JOSEPH BIGGS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' JOINT MOTION TO DISMISS COUNTS ONE, TWO AND FOUR
UNDER THE SIXTH AMENDMENT VICINAGE CLAUSE AND SUPPLEMENT TO
THEIR MOTION TO CHANGE VENUE**

Defendants Biggs, Tarrio, Nordean, Rehl and Pezzola, through their counsel, move the
Court either to dismiss Counts One, Two, and Four of the Third Superseding Indictment or to
grant their pending Motion to Change Venue for the additional reasons set forth in this
supplemental memorandum.  ECF No. 349.

In the October 28 hearing on the change-of-venue motion, counsel for Defendant Biggs
argued that the motion must be granted to avoid violating the Defendants' right, under the
Vicinage Clause of the Sixth Amendment, to be tried by an impartial jury "of the State and
district wherein the crime shall have been committed. . ." U.S. Const. amend. VI.  The Court
declined to hear argument on the ground that it did not pertain to proper venue in this matter.
But Defendants' Vicinage Clause right does relate to venue.  The three conspiracy counts here
lack an overt-act requirement.  Thus, to the extent the government alleges that the Defendants
engaged in completed conspiracy offenses before arriving in this district, they may not be
constitutionally tried in this Court on those counts.  *Hyde & Schneider v. United States*, 225 U.S.
347 (1912).

1

Although the Court could address this issue at the close of the government's case through a motion for a judgment of acquittal—since the government must establish venue by a preponderance of the evidence at trial—there are several good reasons to confront the matter now, including that this issue intersects with the Defendants' Motion to Change Venue and the government's pending motion to admit out-of-court statements under the co-conspirator statement rule.  In short, if the alleged conspiratorial agreement at issue was reached outside this district, the three conspiracy counts may not be tried here under the Vicinage Clause.  But if the alleged agreement was reached in this district, much of the government's proposed evidence does not satisfy the co-conspirator statement rule.

**Background: The Third Superseding Indictment's ambiguity surrounding the inception of the charged conspiracy**

The Third Superseding Indictment (TSI) implies, but does not specifically allege, that the Defendants' "conspiratorial agreement" was reached before the Defendants arrived in Washington, D.C., to protest the 2020 presidential election.  For example, in the "Acts in Furtherance of the Conspiracy" section of Count One (alleging seditious conspiracy), the government alleges that Defendants began "furthering" the conspiracy as early as December 19, 2020.  TSI, ECF No. 380, ¶ 29.  Indeed, approximately 38 paragraphs of allegations in that section concern the Defendants' activities prior to their arrival in D.C.  *Id.*, ¶¶ 29-67.

All these allegations are incorporated into the separate conspiracies charged in Counts Two and Four.  TSI, ¶¶ 109, 113.

In a reply brief in support of its Motion to Admit Statements, the government appears to positively assert that the three charged conspiracies were formed before the Defendants arrived in D.C.  ECF No. 512, p. 5.  However, the government appears to contend that, even if such

conspiracies were not formed before the Defendants arrived in D.C., it will attempt to prove at trial that they were formed once the Defendants were present in the district. *Id.*

**Argument**

**I.     Standard for dismissal for improper venue in a criminal case**

"Proper venue in criminal proceedings was 'a matter of concern to the Nation's founders.'" *United States v. Morgan*, 393 F.3d 192, 195 (D.C. Cir. 2004) (quoting *United States v. Cabrales*, 524 U.S. 1, 6, 141 L. Ed. 2d 1, 118 S. Ct. 1772 (1998)). That is why

> the Constitution "twice safeguards the defendant's venue right: Article III, § 2, cl. 3, instructs that "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"; the Sixth Amendment calls for trial 'by an impartial jury of the State and district wherein the crime shall have been committed.'" *Id.*; *see also United States v. Passodelis*, 615 F.2d 975, 977 n.3 (3d Cir. 1980) (noting that although, read literally, the provision in the Sixth Amendment is a vicinage rather than venue provision, because it specifies the place from which the jurors are to be selected rather than the place of trial, the distinction has never been given any weight, "perhaps . . . because the requirement that the jury be chosen from the state and district where the crime was committed presupposes that the jury will sit where it is chosen").

"Mindful that 'questions of venue in criminal cases . . . raise deep issues of public policy,' the Supreme Court has articulated a rule endorsing a restrictive construction of venue provisions:

> If an enactment of Congress equally permits the underlying spirit of the constitutional concern for trial in the vicinage to be respected rather than to be disrespected, construction should go in the direction of constitutional policy even though not commanded by it.

*Morgan*, 393 F.3d at 196 (quoting *United States v. Johnson*, 323 U.S. 273, 276 (1944)).

"Rule 18 of the Federal Rules of Criminal Procedure provides that, unless otherwise permitted by statute or the Rules, 'the government must prosecute an offense in a district where the offense was committed.'" *Morgan*, 393 F.3d at 196 (quoting Fed. R. Crim. P. 18). "When the statute proscribing the offense does not contain an express venue provision, 'the *locus delicti*

must be determined from the nature of the crime alleged and the location of the act or acts

constituting it.'" *Id.* (quoting *Cabrales*, 523 U.S. at 6-7). "'In performing this inquiry, a court

must initially identify the conduct constituting the offense (the nature of the crime) and then

discern the location of the commission of the criminal acts.'" *Id.* (quoting *United States v.

Rodriguez-Moreno*, 526 U.S. 275, 279 (1999)).

Another relevant venue statute is 18 U.S.C. § 3237(a), dealing with so-called continuing

offenses. It provides:

> Except as otherwise expressly provided by enactment of Congress, any offense against
> the United States begun in one district and completed in another, or committed in more
> than one district, may be inquired of and prosecuted in any district in which such offense
> was begun, continued, or completed. . .

§ 3237(a).

The D.C. Circuit has made clear that courts must construe § 3237(a) "by reference to the

*elements* of the offense at issue. 'Offense' obviously refers to a particular crime, so the language

of the statute invites consideration of *only the elements of that crime* in determining whether the

offense" satisfies  § 3237(a).  *Morgan*, 393 F.3d at 198 (emphasis added).

Venue must be proved at trial by the government by a preponderance of the evidence.

*E.g.*, *United States v. Lewis*, 797 F.2d 358, 366 (7th Cir. 1986), *cert. denied*, 479 U.S. 1093

(1987); *United States v. McDonough*, 603 F.2d 19 (7th Cir. 1979); *United States v. Powell*, 498

F.2d 890, 891 (9th Cir.), *cert. denied*, 419 U.S. 866 (1974); *United States v. Luton*, 486 F.2d

1021, 1023 (5th Cir. 1973), *cert. denied*, 417 U.S. 920 (1974).  Thus, defective venue may be

challenged both at the motion to dismiss stage, when it can be established on the face of the

indictment, and challenged at trial through a motion for a judgment of acquittal, where an issue

of fact determines whether venue is proper.  *E.g.*, *Morgan*, 393 F.3d at 194 (reversing conviction

after trial due to insufficiency of government's venue evidence).

4

II.  **To the extent the alleged conspiratorial agreement was reached outside this district, Counts One, Two and Four must be dismissed or the Defendants' Motion to Change Venue must be granted**

Under clear Supreme Court precedent, constitutional venue does not lie in this district for Counts One, Two and Four insofar as they allege conspiracies completed outside D.C.  Thus, the Court should dismiss those counts to the extent they so allege or transfer them pursuant to the Defendants' Motion to Change Venue.

In a seminal venue case, the Supreme Court considered the intersection of conspiracy law and the Sixth Amendment's Vicinage Clause.  *Hyde & Schneider v. United States*, 225 U.S. 347 (1912).  *Hyde & Schneider* concerned a conspiracy by land speculators to fraudulently obtain tracks of property in California from the United States Government.  The charges were filed in this Court, in Washington, D.C.  The indictment charged that the conspiracy was hatched in California but that overt acts in D.C. included "divers sums of money" paid by Hyde & Schneider agents to officials employed in the U.S. General Land Office.  225 U.S. at 351.

The defendants appealed their convictions on the ground that their right under the Vicinage Clause had been violated.  They argued that the crime was committed where the conspiratorial agreement was reached—California—not where overt acts occurred.  225 U.S. at 257.  Giving weight to this claim was precedent supporting their argument that the overt act requirement in the conspiracy statute at issue "merely afford[ed] an opportunity to withdraw from the design without incurring its criminality." *Id.*  The Court partly agreed.  "[I]t must be said that the cases abound with statements that the conspiracy is the 'gist' of the offense or the 'gravamen' of it, and we realize the strength of the argument based upon them." *Id.* at 359.

However, the Court rejected the defendants' venue argument and for one specific reason: the conspiracy statute at issue made the overt act requirement an element of the statutory offense.

5

"It seems like a contradiction to say that a thing is necessary to complete another thing and yet that other thing is complete without it." *Hyde & Schneider*, 225 U.S. at 359.  Thus, the overt act was an element of the offense and the defendants had bribed officials in D.C.  For that reason, the Court determined that the *locus delicti* lay in California *and* D.C.  *Id.*

Here, however, the Court is faced with a wholly different issue.  Unlike the statute in *Hyde & Schneider*, all three conspiracy offenses charged by the government lack an overt-act requirement.  18 U.S.C. §§ 2384, 1512(k) and 372.  Thus, insofar as the government contends that the alleged conspiratorial agreement was reached before the Defendants arrived in D.C., the completed offense occurred outside this district.  In that case, no element of the offense was committed in this district.  And as for the continuing-offense provision in § 3237(a), the D.C. Circuit has held that "the statute invites consideration of *only the elements of th[e] crime* in determining whether the [conspiracy] offense" satisfies  § 3237(a).  *Morgan*, 393 F.3d at 198 (emphasis added).

Thus, to the extent Counts One, Two and Four allege that the Defendants' conspiratorial agreement was reached before they arrived in D.C., the Court must either dismiss those charges or grant the Defendants' Motion to Change Venue.

III.   **The Court should address this issue pretrial, not after the government's case, due to its implications for the scope of evidence and to avoid complex Double Jeopardy issues**

It is clear that the Court would be required to address this matter at trial. Whether the government would be able to establish venue on the conspiracy charges by a preponderance

would depend on whether the conspiratorial agreement was reached in this district or outside it. However, there are good reasons for the Court to address the matter now.[1]

First, the Court is considering the Defendants' pending Motion to Change Venue.  If Defendants are correct that Counts One, Two and Four may not be tried in this district insofar as they allege conspiracies that were completed before the Defendants arrived in D.C., it dramatically bolsters their argument that the case should be tried in one of the districts where those alleged offenses were committed.

Second, a pretrial ruling on the venue issue will inform the Court's decision on whether and to what extent to grant the government's pending Motion to Admit Statements.  If the government's response to this motion is that there is no Sixth Amendment Vicinage Clause problem because the alleged conspiratorial agreement was reached in this district, then the Court cannot grant its motion to admit "co-conspirator statements" stretching back to July 2020.  By definition, co-conspirator statements are made *during* and *in furtherance of* the conspiracy.  Fed. R. Evid. 801(d)(2)(E).  On other hand, if the government's response is that the conspiratorial agreement was reached before the Defendants arrived in D.C., then the Court will be able to resolve the Sixth Amendment issue pretrial through a motion to dismiss.

Finally, a pretrial ruling on venue will avoid complicated Double Jeopardy problems. Should the Court wait until the conclusion of the government's case before ruling, an acquittal on venue grounds would raise the question whether Defendants could be retried in the proper

---

[1] The government may respond that this motion is untimely under the scheduling order. However, a defendant may move to dismiss a charge for improper venue before trial and after a motions' deadline for good cause.  Fed. R. Crim. P. 12(c)(3).  As Defendants show herein, the Court would have to address the venue matter at trial through a Rule 29 motion in any event, so good cause lies in the efficiencies reaped by resolving the issue pretrial.

districts.  Multiple circuits have held they could not be retried.  *E.g.*, *United States v. Strain*, 407 F.3d 379 (5th Cir. 2005); *United States v. Greene*, 995 F.2d 793, 802 (8th Cir. 1993).

**Conclusion**

      For all the foregoing reasons, the Court should either dismiss Counts One, Two, and Four of the Third Superseding Indictment to the extent they allege completed conspiracies before the Defendants arrived in D.C., or grant their pending Motion to Change Venue.

Dated: November 1, 2022             Respectfully submitted,

                        */s/ Nicholas D. Smith*
                        Nicholas D. Smith (Va. Bar No. 79745)
                        1123 Broadway, Suite 909
                        New York, NY 10010
                        Phone: (917) 902-3869

                        *On behalf of Defendants*

<u>**Certificate of Service**</u>

      I hereby certify that on the 1st day of November, 2022, I filed the foregoing motion with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

                        */s/ Nicholas D. Smith*
                        Nicholas D. Smith (Va. Bar No. 79745)
                        1123 Broadway, Suite 909
                        New York, NY 10010
                        Phone: (917) 902-3869