**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**CASE NO: 21-CR-175-TJK**

**v.**

**ENRIQUE TARRIO,**

        **Defendant.**

_____/

### *DEFENDANT TARRIO'S RENEWED MOTION FOR CHANGE OF VENUE AND/OR FOR EXPANDED VENIRE*

COMES NOW, the Defendant, Enrique Tarrio (Tarrio), by counsel, pursuant to Rule 12 of the Federal Rules of Criminal Procedure and the Jury Service and Selection Act (JSSA), and respectfully moves this Court for a change of venue, or in the alternative, to expand the venire of prospective jurors in order to ensure that the Defendant has the ability to exercise his constitutional right guaranteed by the Sixth Amendment of the United States Constitution to select a fair and impartial jury. Should the Court elect to order an expanded venire, Tarrio respectfully requests that this Court increase the pool of potential jurors to at least 300 potential jurors.

1

## **LAW AND ARGUMENT**

The Sixth Amendment of the United States Constitution guarantees a defendant the right to a fair trial "by a panel of impartial, indifferent jurors." Fullwood v. Lee, 290 F.3d 663, 677 (4th Cir. 2002) (quoting Irvin v. Dowd, 366 U.S. 717, 722 (1961)). The failure to accord a defendant a fair and impartial jury violates even the most basic standards of due process guaranteed by our forefathers in the Bill of Rights. When a likelihood exists that an impartial jury will be difficult to attain, a trial court may take a number of steps, including enlarging the venire of potential jurors, in order to ensure that jurors who are free from prejudice are selected. Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 554-55 (1976); Sheppard v. Maxwell, 384 U.S. 333, 361-62 (1966). In United States v. Rodriguez, for example, the Eight Circuit upheld a district court's effort to ensure a defendant's constitutional right to a fair trial when it denied a motion for change of venue, but reduced the risk of prejudice resulting from pre-trial publicity by "assembl[ing] a 590–person jury pool … and requiring jurors to answer a 121–question form." 581 F.3d 775, 785 (8th Cir. 2009) (defendant also received ten additional peremptory strikes). In certain cases, the court has discretion to expand the jury pool much larger than its normal size in order to ensure the selection of an unbiased jury. United States v. Blom, 242 F. 3d 799, 804 (8th Cir. 2001).

2

In the case at bar, Tarrio previously moved to transfer venue under Rule 21 in this case due to the astonishingly high level of negative pretrial publicity and the great prejudice that exists against him. While Tarrio will not rehash the previously made arguments here, it must be noted that a review of the 150 juror questionnaire responses evidences the great prejudice that was foretold. Moreover, the prejudice continues to exist and is constantly amplified by the continuous barrage of media coverage. Specifically, the House Select Committee's obsessive and unfair focus upon the Proud Boys and Tarrio bolster the defense's arguments. A cursory review of the juror questionnaire responses demonstrates a presumed prejudice from the venire that permeates throughout all facets of the Washington, D.C. population.

Equally troubling is the lack of representation as is required by the Sixth Amendment and the Jury Selection and Service Act (JSSA). First, the Sixth Amendment requires that the jury venire from which a jury is selected represent a "fair cross-section" of the community. <u>United States v. Odeneal,</u> 517 F. 3d 406, 411-12 (6th Cir. 2008). Under the JSSA, "is the policy of the United States that all litigants in Federal court entitled to trial by jury shall have the right to … petit juries selected at random from a far cross section of the community in the district or division wherein the court convenes." 25 U.S.C. § 1861. Further, § 1862 prohibits exclusion of any citizen "from

service as a … petit juror … on account of race [or] color [.]" "Typically, challenges brought under the JSSA are reviewed under the same standard as a Sixth Amendment claim of denial of a jury representing a fair cross section of the community which requires a showing of underrepresentation of a distinct group." Ovalle, 136 F.3d at 1099, *see also* Allen, 160 F. 3d at 1102 (calling the JSSA test "essentially identical" to the Sixth Amendment test and again laying put elements); United States v. Wesley, No. 15-cr-20718, 2017 WL 2590487, at * 6 (E.D. Mich. June 15, 2017)(holding that the same "standard applies regardless of whether the claim is brought under the Sixth Amendment or the Jury Service and Selection Act"). Tarrio identifies as an Afro-Cuban American. His ethnicity as defined by federal policy is Hispanic, and his race is black, both are underrepresented in this venire. This venire is not a fair cross section of the community.

Finally, while the undersigned will not divulge specifics to protect the jurors' confidentiality and their candor in answering the questionnaire, undersigned will reserve detailed and specific argument for Court. This motion was discussed with counsel for the government that opposes the instant motion.

WHEREFORE, for the reasons stated above, Tarrio respectfully requests this Honorable Court to transfer venue and/or expand the venire to at least 300 prospective jurors in order that Tarrio may have an

4

opportunity to select a fair and impartial jury as guaranteed by the Sixth Amendment of the United States Constitution.

Respectfully submitted,

**BY: /s/ Sabino Jauregui, Esq.**
D.C. Bar No. 494765
Jauregui Law, P.A.
1014 West 49 Street
Hialeah, Florida 33012
Phone 305-822-2901
FAX 305-822-2902

/s/ Nayib Hassan
Florida Bar No. 20949
Attorney for Defendant
LAW OFC.OF NAYIB HASSAN
6175 NW 153 St., Suite 221
Miami Lakes, Florida 33014
Tel. No.: 305.403.7323
Fax No.: 305.403.1522

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically noticed through the CM/ECF system to the US Attorney's Office on this 9th day of December, 2022 to the following:

Jason McCollough
Luke Jones
Erik Kenerson
Nadia Moore

*BY: /s/ Sabino Jauregui, Esq.*
D.C. Bar No. 494765
Jauregui Law, P.A.
1014 West 49 Street
Hialeah, Florida 33012
Phone 305-822-2901
FAX 305-822-2902