**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

v.

ETHAN NORDEAN,
JOSEPH BIGGS,
ZACHARY REHL,
ENRIQUE TARRIO, and
DOMINIC PEZZOLA,

*Defendants*.

Criminal Action No. 21-175 (TJK)

## FINAL JURY INSTRUCTIONS

### Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions.   During your deliberations, you may, if you want, refer to these instructions.   While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.   If you have any questions about the instructions, you should feel free to send me a note.   Please return your instructions to me when your verdict is rendered.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.   It is your duty to accept the law as I instruct you.   You should consider all the instructions as a whole.   You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the

trial, you alone decide what weight, if any, to give to that evidence.   You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.   You should not be improperly influenced by anyone's race, ethnic origin, or gender.   Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.   If you believe that I have expressed or indicated any such opinion, you should ignore it.   The verdict in this case is your sole and exclusive responsibility.

### Jury's Recollection Controls

If any reference by the court or the attorneys to the evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

### Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this trial.   The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.   You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.   You should give any evidence such weight as in your judgment it is fairly entitled to receive.

**<u>Statements of Counsel</u>**

The statements and arguments of the lawyers are not evidence.   They are only intended to assist you in understanding the evidence.   Similarly, the questions of the lawyers are not evidence.

**<u>Burden of Proof – Presumption of Innocence</u>**

Every defendant in a criminal case is presumed to be innocent.   This presumption of innocence remains with the defendants throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.   This burden never shifts throughout the trial.   The law does not require the defendants to prove their innocence or to produce any evidence at all.   If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which a defendant is charged, it is your duty to find him guilty of that offense.   On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find a defendant not guilty of that offense.

**<u>Reasonable Doubt</u>**

The government has the burden of proving the defendants guilty beyond a reasonable doubt.   In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.   In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.  Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendants' guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.   The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.   Its burden is to prove guilt beyond a reasonable doubt.

### Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.   When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.   On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.   Assume a person looked out a window and saw that snow was falling.   If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen.   Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.   His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.   The law does not favor one form of evidence over another.   It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.   You are permitted to give equal weight to both.   Circumstantial evidence does not require a greater degree of certainty than direct evidence.   In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### **Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.   We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### **Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.   Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.   You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

### **Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.   You must not hold such objections against the lawyer who made them or the party she or he represents.   It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.   If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.   Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.   You alone determine whether to believe any witness and the extent to which a witness should be believed.   Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit.   You may consider whether any inconsistencies are the result

of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, and the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Witnesses with Plea Agreements

You have heard evidence that two witnesses, Matthew Greene and Jeremy Bertino, entered into plea agreements with the government pursuant to which they agreed to testify truthfully in this case and the government agreed not to pursue certain charges against them and bring their cooperation to the attention of their sentencing judge and consider filing papers that would permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose.

The government is permitted to enter into these kinds of plea agreements. You, in turn, may accept the testimony of such witnesses and convict a defendant on the basis of this testimony alone, if it convinces you of a defendant's guilt beyond a reasonable doubt. Witnesses who have entered into plea agreements are under the same obligation to tell the truth as are any other

witnesses; the plea agreement does not protect them against a prosecution for perjury or false statement, should they lie under oath.

However, you may consider whether witnesses who have entered into such agreements have an interest different from other types of witnesses. You may consider whether the plea agreements the witnesses entered into with the government have motivated them to testify falsely against the defendants. The testimony of witnesses who have entered into plea agreements should be considered with caution. You should give their testimony as much weight as in your judgment it deserves.

### Police Officer's or Law Enforcement Agent's Testimony

A police officer's or law enforcement agent's testimony should be considered by you just as any other evidence in the case.    In evaluating the officer's or agent's credibility you should use the same guidelines that you apply to the testimony of any witness.    In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement agent.

### Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify.    Mr. Nordean, Mr. Biggs, and Mr. Tarrio have chosen to exercise this right.    You must not hold these decisions against them, and it would be improper for you to speculate as to the reason or reasons for their decisions.    You must not assume any defendant is guilty because they chose not to testify.

### Defendant as Witness

A defendant also has a right to become a witness on his own behalf.    Mr. Rehl and Mr. Pezzola have chosen to exercise their right to testify.    Their testimony should not be disbelieved merely because they are defendants.    In evaluating their testimony, however, you may consider

the fact that a defendant has a vital interest in the outcome of this trial.   As with the testimony of any other witness, you should give a defendant's testimony as much weight as in your judgment it deserves.

### Character of Defendant

Mr. Rehl has introduced testimony that in the opinions of Jonathon Nguyen and Henry McGill, he has a character for honesty, truthfulness, and integrity.   Such evidence may indicate to you that it is unlikely that a person who is honest, truthful, and has integrity would commit the crimes charged or it may not.   You may consider this evidence along with other evidence in the case including evidence that contradicts the character evidence and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crimes charged, it is your duty to find the defendant guilty.   On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

### Specialized Opinion Testimony

In this case, you heard the testimony of Kathryn Cain who expressed opinions concerning forensic analysis of digital evidence.   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.   You are not bound to accept this witness's opinion.   If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely

or partially disregard the opinion.   You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

### Evaluation of Prior Inconsistent Statement of a Witness

You have heard evidence that witnesses may have made statements on an earlier occasion and that these statements may be inconsistent with the testimony here at trial.   It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.   If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

### Evaluation of Prior Consistent Statement of a Witness

You have heard evidence that witnesses may have made statements on an earlier occasion and that these statements may be consistent with the testimony here at trial.    This earlier statement was brought to your attention to help you in evaluating the credibility of the witness.    If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency in judging the credibility of the witness but you may not use it as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

### Transcripts of Video and Audio Recordings

Transcripts of certain recordings were furnished for your convenience and guidance as you listened to the recording to clarify portions of the recording which are difficult to hear and to help you identify speakers.   The recording, however, is the evidence in the case; the transcript is not. If you notice any difference between the transcript and the recording, you must rely only on the

recording and not the transcript.   In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcript as far as those words are concerned.

### Redacted Documents

During the course of this trial, some exhibits were admitted in evidence.   Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted.   Where this has occurred, the irrelevant parts of the exhibit were blacked out or otherwise removed, or a video may have been played without sound, or sound may have been played without video.   There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.   As you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out, and you should not hold it against any party. You are to decide the facts only from the evidence that is before you.

### Other Acts Evidence

You have heard evidence about other alleged acts with which the defendants are not charged in the indictment.   Specifically, the government presented evidence:

(1) Of violence that occurred at a rally in Washington, D.C. on November 14, 2020, and some defendants' reactions to that violence.   This evidence was offered solely to prove those defendants' motive and intent with respect to the offenses charged in the indictment.

(2) Of violence and property destruction that occurred at a rally in Washington, D.C. on December 12, 2020, and some defendants' reactions to that violence and property

destruction.  This evidence was offered solely to prove those defendants' motive and intent with respect to the offenses charged in the indictment.

You must decide whether this evidence is true.  If you decide it is not true, ignore it.  If you decide it is true, you may only use it for the purposes I have mentioned.  You may not use the evidence to infer that the defendants had a predisposition to engage in criminal conduct, or that it is more likely that, because the defendants may have commented on or engaged in other acts, that they committed the offenses charged in the indictment in this case.  The law does not allow you to convict a defendant simply because you believe he may have done other things, even bad things, not specifically charged as crimes in this case.

### **Multiple Defendants – Multiple Counts**

Each count of the indictment charges a separate offense. Moreover, each defendant is entitled to have the issue of their guilt as to each of the crimes for which they are on trial determined from their own conduct and from the evidence that applies to them as if they were being tried alone. You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant. Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment. Thus, you may find any one or more of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts.   At any time during your

deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

### Organization and Persons Not Present

The Proud Boys organization is not a defendant in this case, and the defendants are not on trial for having knowledge of, or being associated with, the Proud Boys organization.

In our system of justice, guilt or innocence is personal and individual and you should not make any inferences or speculate about other individuals you have heard about in this trial or whether they have been charged with crimes.   The only issue for you to decide is whether the government has proved each of these defendants guilty beyond a reasonable doubt.   You may not find the defendants guilty of a conspiracy merely because they belong to the Proud Boys organization.

### Unanimity of Verdict

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

### Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.   You may consider any statement made or acts done by the defendants, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he or she intentionally did or intentionally did not do.   It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.   You

should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendants acted with the necessary state of mind.

While a defendant must act with the intent as I describe below for each charged crime, this need not be the defendant's sole purpose.   A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

### Proof of "On or About"

The indictment charges that the alleged offenses were committed "on or about" certain dates.   The proof need not establish with certainty the exact date of the alleged offense.   It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

### Summary of Indictment

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment.   The indictment itself is not evidence.   It merely describes the charges made against each defendant and is the means by which each defendant was formally notified of the charges against him.   The indictment is merely an accusation.   It may not be considered by you as evidence of the guilt of any defendant, and you must not draw any inference of guilt from it.

The indictment in this case contains conspiracy charges and other charges.   The indictment alleges that the defendants violated three separate conspiracy laws.    The first conspiracy charge is Count One, seditious conspiracy, which charges that the defendants entered an agreement to try to stop the lawful transfer of power by opposing by force the authority of the Government of the United States, or to use force to prevent, hinder, and delay the execution of any law of the United

States.   The second conspiracy charge is Count Two, conspiracy to obstruct an official proceeding, which charges that the defendants entered an agreement to corruptly obstruct an official proceeding, that is, Congress's session on January 6, 2021, to certify the Electoral College votes.   And the third conspiracy charge is Count Four, conspiracy to prevent Members of Congress and law enforcement officers from discharging their duties by force, intimidation, or threats.   With regard to the other charges:

Count Three of the indictment charges each of the five defendants with corruptly obstructing an  official proceeding, meaning Congress's session on January 6 to certify the Electoral College votes.

Count Five charges each of the five defendants with committing an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, for interfering with police officers at the Capitol on January 6.

Counts Six and Seven charge each of the five defendants with destruction of government property, for the destruction of a black metal fence and a window of the U.S. Capitol on January 6.

Counts Eight and Nine charge each of the defendants with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with law enforcement officers at the Capitol on January 6 by throwing a water bottle and taking a riot shield.

Count Ten charges defendant Dominic Pezzola with robbery of personal property of the United States.

### Conspiracy Counts

The law of conspiracy that I am about to explain to you applies to Count One, charging the defendants with seditious conspiracy; Count Two, charging the defendants with conspiracy to obstruct an official proceeding; and Count Four, charging the defendants with conspiracy to

prevent Members of Congress and law enforcement from discharging their duties.   I will instruct you as to each of those offenses, but first I will instruct you as to certain principles about conspiracies that apply to all three of these offenses.

*Definition of conspiracy*

A conspiracy is simply an agreement by two or more persons to join together to accomplish some unlawful purpose.

To sustain its burden of proof with respect to each of the offenses charged in Counts One, Two, and Four—seditious conspiracy, conspiracy to obstruct an official proceeding, and conspiracy to prevent Members of Congress and law enforcement officers from discharging their duties—the government must prove beyond a reasonable doubt the following two elements:

First, the existence of the charged conspiracy—that is, the existence of an agreement or understanding to achieve the unlawful object of such conspiracy; and

Second, that each defendant knowingly became a member of the conspiracy, with intent to achieve the unlawful object of the charged conspiracy.

Now I will separately discuss each of these elements.

*Existence of a conspiracy*

The government has charged three conspiracies in this case.   To find a defendant guilty of any conspiracy charge, the government must prove beyond a reasonable doubt the elements of that particular conspiracy, on which I will instruct you in a little bit.

The government may satisfy that burden for each charged conspiracy, some charged conspiracies, or none of them.   That is for you to determine.   To show that a conspiracy existed, the evidence must show beyond a reasonable doubt that two or more persons in some way or

manner, either explicitly or implicitly, came to an understanding to accomplish an unlawful objective.

To prove the existence of a conspiracy, the government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. The government also does not have to prove that all members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to the specific means by which the objectives would be accomplished. What the government must prove beyond a reasonable doubt is that two or more persons arrived at some type of agreement, including a mutual understanding or meeting of the minds, to try to accomplish a common and unlawful objective.

In determining whether there has been an unlawful agreement as alleged in the indictment, you may consider both direct evidence and circumstantial evidence. You may consider the actions of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The only evidence that may be available with respect to the existence of a conspiracy is that of disconnected acts on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, you may conclude—or may not, as your good judgment dictates—that this evidence warrants the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

### *Success is irrelevant*

It does not matter whether the persons who formed the agreement were ultimately successful. But proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself. In other words, success in carrying out an act, if you believe it was carried out, may be proof of the agreement itself—but as I just said, it is not

necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.

*"Knowing," "intentionally," and "unlawfully"*

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object one of the illegal purposes charged in the indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the specific intent to further its unlawful objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he agreed to take part in the conspiracy with the specific intent to promote and cooperate in its unlawful objectives.

"Unlawfully" simply means contrary to law. A defendant does not need to have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

The terms "knowingly" and "intentionally" mean that to find that a defendant joined the conspiracy, you must conclude beyond a reasonable doubt that in doing so, he knew what he was doing; in other words, that the defendant took the actions in question deliberately and voluntarily. An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

You have heard evidence of certain acts and conversations that are alleged to have taken place with a defendant or while a defendant was listening to, watching, or reading the conversations or observing the acts. You may, but are not required to, consider this evidence in

determining whether these acts and conversations show beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the conspiracy. You may consider this evidence along with other evidence in the case and give it as much weight as you think it deserves.

It is not necessary for the government to show that the defendant was fully informed as to all the details of the conspiracy for you to infer knowledge on his part. To have guilty knowledge, the defendant need not know the full extent of the conspiracy or all of the activities of all of its participants. It is not necessary for the defendant to know every other member of the conspiracy. In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator. It is enough if he participated as a conspirator unlawfully, intentionally, and knowingly as I have defined those terms.

*Duration and extent of the defendant's joining of the agreement*

The duration and extent of the defendant's joining of the agreement has no bearing on the issue of the defendant's guilt. He need not have joined the conspiracy at the outset. Each member of a conspiracy may perform separate and distinct acts, or no acts at all. Some conspirators may play major roles, while others play only minor roles in the scheme. An equal role is not what the law requires, and a defendant does not need perform any specific act beyond joining the conspiratorial agreement.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place. For example, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy. In other words, knowledge without agreement is not sufficient. What is necessary is that the defendant has joined the conspiracy with knowledge of

its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives. A person may know, or be friendly with, a conspirator without being a conspirator himself.    Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.

I also want to caution you that mere knowledge of or acquiescence to the unlawful plan—without agreement in it—is not sufficient. Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member of the conspiracy.    More is required under the law.    The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.    The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

### *Termination of a conspiracy*

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.    Similarly, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination.

It is not essential that the government prove that a particular conspiracy alleged in the indictment started or ended on any of the specific dates described for that conspiracy. It is sufficient if you find that the conspiracy was formed and that it existed within the time set forth in the indictment.

**Seditious Conspiracy**

Count One of the indictment charges that from in and around December 19, 2020, through in and around January 2021, the defendants participated in a conspiracy to do at least one of two things: (1) to oppose by force the authority of the Government of the United States, or (2) to prevent, hinder, or delay the execution of any law of the United States by force.

Elements

In order to find a defendant guilty of conspiring to oppose by force the authority of the Government of the United States, or to prevent, hinder, or delay the execution of any law of the United States by force, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of opposing by force the authority of the Government of the United States, or preventing, hindering, or delaying the execution of any law of the United States by force.

Second, that the defendant joined or entered into that agreement with awareness of and the intent to further one or both of its unlawful goals.

I have already instructed you generally on conspiracies.  But I will now give you additional instructions specific to the offense of seditious conspiracy charged in Count One.

Unanimity as to the Objects or Goals of the Conspiracy

The object of a conspiracy is the illegal goal that the conspirators agree and hope to achieve. A conspiracy may have more than one object.

Count One charges the defendants with conspiring to achieve two separate goals or objects: opposing the authority of the Government of the United States by force, and preventing, hindering, or delaying the execution of any law of the United States by force.   Although two separate goals

of the conspiracy are charged, you may find the conspiracy proved if it is established that either one of those goals was agreed to by two or more persons.

The government is not required to prove both goals of the conspiracy.   However, the government must prove at least one of those two goals beyond a reasonable doubt.   If the government has not proved that at least one of those goals was a goal of the conspiracy charged in Count One, your verdict must be not guilty.

As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous.   For example, if some of you find that the conspirators agreed only to oppose by force the authority of the Government of the United States, and the remaining jurors find that the conspirators agreed only to prevent, hinder, or delay the execution of any law of the United States by force, that is not enough.   You must be unanimous as to one or the other or both.

<u>Definitions</u>

The two goals of the conspiracy charged in the indictment—(1) to oppose by force the authority of the Government of the United States, and (2) to prevent, hinder, or delay the execution of any law of the United States by force—both have as a common ingredient the intent to use force to oppose the United States, functioning through its government.   I will now explain these concepts.

To determine whether a defendant conspired to oppose by force the authority of the United States, you must consider whether the defendant agreed to oppose the authority of the United States and whether that agreement was to do so by force.   A conspiracy to oppose the authority of the United States requires an agreement to commit an act that would adversely affect the ability of the United States government to govern or perform one of its proper functions.   The agreement must be to forcibly resist some positive assertion or actual exercise of authority by the government.   An

agreement to merely violate the law is not sufficient.   Affecting the ability of the United States government to govern or to perform one of its proper functions, through the use of force, must be a principal purpose of the member of the conspiracy who intends to commit the act and not merely an incidental effect of an act that is planned or carried out for another purpose.

To determine whether the defendants conspired to prevent, hinder, or delay the execution of any law of the United States by force, you should determine whether they agreed to engage in conduct for the purpose of preventing, hindering, or delaying the execution of the laws governing the transfer of presidential power.   Those laws are the United States Constitution (specifically Article II and the Twelfth Amendment) and Title 3, Section 15 of the United States Code.   The Twelfth Amendment to the Constitution provides that the Vice President, as the President of the Senate, must in the presence of the Senate and House of Representatives open all the certificates for presidential election sent by the Electors to Congress.   Title 3, Section 15 of the United States Code further provides that the Senate and House of Representatives must meet for that purpose at 1 pm on January 6 following a presidential election.   Finally, Article II to the United States Constitution, as amended by the Twelfth Amendment, provides that the person with the greatest number of votes, after that person takes the required oath, shall become president on January 20. Here too, agreement to merely violate the law is not sufficient.   In addition, while the government must prove beyond a reasonable doubt that the defendant had the intent to prevent, hinder, or delay the execution of a law by force, as I have just defined those terms in this instruction, the government is not required to prove that the defendants knew the execution of which specific law or laws their actions would have the effect of preventing, hindering, or delaying.

Both goals of the seditious conspiracy require an agreement that physical force would be used.   The First Amendment to the United States Constitution affords people the right to speak,

assemble, and to petition the government for the redress of grievances. So an agreement to accomplish the goals of the conspiracy only by litigation, advocacy, protest, or deceit is insufficient. Force is defined in the conventional or ordinary sense. An act involves force if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people. It is not necessary for the government to show that force was actually used by the conspirators. Nor is it necessary for the government to prove that the conspirators agreed as to every detail of how force was to be used, or as to the specific targets of the use of force. Indeed, just as participants in a legitimate business venture may be unaware of details or may disagree about details, and still be working together to make a profit, so too participants in a criminal venture may be unaware of details or disagree about details and still be working together to further an unlawful purpose. However, the government must prove at least that the conspirators intended that force would be used.

### Conspiracy to Obstruct an Official Proceeding

Count Two of the indictment charges that from in and around December 19, 2020, through in and around January 2021, the defendants participated in a conspiracy to corruptly obstruct an official proceeding.

### Elements

In order to find a defendant guilty of conspiring to corruptly obstruct an official proceeding, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of corruptly obstructing an official proceeding.

Second, that the defendant joined or entered into that agreement with awareness of and the intent to further its unlawful goal.

I have already instructed you generally on conspiracies. The instructions in Count Three, which charges obstruction of an official proceeding and which I will provide you shortly, apply equally here when you are considering whether each defendant conspired to commit the crime that is charged substantively in Count Three.   Please refer to the instruction for the offense of Obstruction of an Official Proceeding, below.

### Conspiracy to Prevent Members of Congress from Discharging Their Duties

Count Four of the indictment charges that from in and around December 19, 2020, through in and around January 2021, the defendants participated in a conspiracy to prevent Members of Congress and law enforcement officers from discharging their duties, which is a violation of the law.

### Elements

In order to find the defendant guilty of conspiring to prevent Members of Congress and law enforcement officers from discharging their duties, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, that the defendant agreed with at least one other person to, by force, intimidation, or threat, (a) prevent a Member of Congress or a federal law enforcement officer from discharging a duty, or (b) induce a Member of Congress or federal law enforcement officer to leave the place where that person's duties are required to be performed.

Second, that two or more members of the conspiracy either formed the conspiracy or pursued its goals in any State, Territory, Possession or District.

Third, that the defendant joined or entered into that agreement with awareness of and the intent to further one or both of its unlawful goals.

I have already instructed you generally on conspiracies.   And the instruction I gave you earlier about unanimity with respect to the objects or goals of the conspiracy applies equally here: As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous.

Definitions

The terms "State, Territory, Possession or District" include all 50 U.S. states and the District of Columbia.

**Theories of Liability**

A defendant may be found guilty of committing a crime under several theories of liability. I will instruct you now on those various theories of liability, which apply to Count 3 and Count 5 through Count 10 of the indictment. I will instruct you on the specific elements of each of those offenses next.

Willfully Causing An Act To Be Done

You may find each defendant guilty of a crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict any defendant of an offense charged in this indictment if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

<u>Aiding and Abetting</u>

A person may be guilty of an offense if he aided and abetted another person in committing the offense or attempted to do so. A person who has aided and abetted another person in committing an offense, or attempting to do so, is often called an accomplice. The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified. It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of aiding and abetting an offense or an attempted offense, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed a crime by committing each of the elements of the offense charged, or attempted to do so, as I will explain below for each of the crimes charged in Counts 3 and 5 through 10.

Second, that the defendant knew that the offense charged was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or those acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense.

Fifth, that the defendant did that act or those acts with the intent that others commit the offense.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least

encouraged others to commit the offense.   That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.   The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.   Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abettor.   If the evidence shows that the defendant knew that the offense was being committed or was about to be committed but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the offense as an aider and abettor.   The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

## Co-Conspirator Liability

You may also find a defendant guilty of an offense based on co-conspirator liability.   A defendant is responsible for an offense committed by another member of a conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.   In order to find a

defendant guilty of a charged offense under this theory of liability, you must find that the government proved beyond a reasonable doubt the following six requirements:

First, that the defendant knowingly joined a conspiracy;

Second, that the charged offense was committed by a member of that conspiracy;

Third, that the defendant was a member of the conspiracy at the time the charged offense was committed;

Fourth, that the charged offense was committed during the existence of the conspiracy;

Fifth, that the charged offense was committed in furtherance of the conspiracy; and

Sixth, that the charged offense was a reasonably foreseeable consequence of the conspiracy.   It is not necessary that the crime was intended as part of the original plan, only that it was a reasonably foreseeable consequence of the original plan.

The principles governing conspiracy that I explained above apply here as well.

Attempt

For Counts 3, 5, 6, 7, and 10 *only*, you can also find a defendant guilty of attempting to commit the charged offense.  An attempt to commit a charged offense is a crime even if the defendant did not actually complete the charged crime. In order to find the defendant guilty of attempting to commit a charged crime, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the charged crimes, as I will define each offense below.

Second, that the defendant took a substantial step toward committing the charged offense which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit a charged offense merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the second, substantial step element, you may not find the defendant guilty of attempt to commit a charged crime merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit the charged offense.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

## Obstruction of an Official Proceeding

Count Three of the indictment charges the defendants with corruptly obstructing an official proceeding, which is a violation of the law.

### Elements

In order to find a defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

Definitions

The term "official proceeding" includes a proceeding before the Congress.   The official proceeding need not be pending or about to be instituted at the time of the offense.   If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.   As used in Count Three, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use independently unlawful means or act with an unlawful purpose, or both. The defendant must also act with "consciousness of wrongdoing."   "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.   Not all attempts to obstruct or impede an official proceeding involve acting corruptly.   For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.   In addition, the First Amendment to the United States Constitution affords people the right to speak, assemble, and petition the Government for grievances.   Accordingly, an individual who does no more than lawfully exercise those rights does not act corruptly.   In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.   Often, acting corruptly

involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person.

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose.   A defendant's unlawful intent to obstruct is not negated by the simultaneous presence of another purpose for his conduct.

<u>Concluding Remark for Count Three</u>

A defendant may be found guilty of the offense charged in Count Three if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, aided and abetted the obstruction of an official proceeding, willfully caused others to obstruct an official proceeding, or as a result of co-conspirator liability.   I have already described each of these five theories of liability.   If you find, unanimously and beyond a reasonable doubt, that the defendant committed the offense of obstruction of an official proceeding in any one of these five ways, you should find the defendant guilty of Count Three and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other four ways.

**<u>Interference with Officers During a Civil Disorder</u>**

Count Five charges all five defendants with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

<u>Elements</u>

In order to find the defendants guilty of obstructing officers during a civil disorder, you must find the following four elements beyond a reasonable doubt:

First, the defendant knowingly committed an act or attempted to commit an act.

Second, in committing or attempting to commit that act, the defendant intended to obstruct, impede, or interfere with one or more law enforcement officers.

Third, at the time of the defendant's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Fourth, the civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

<u>Definitions</u>

The term "civil disorder" means any public disturbance involving acts of violence by groups of three or more persons, which (a) causes an immediate danger of injury to another individual, (b) causes an immediate danger of damage to another individual's property, (c) results in injury to another individual, or (d) results in damage to another individual's property.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

The term "commerce" means commerce or travel between one state, including the District of Columbia, and any other state, including the District of Columbia.  It also means commerce wholly within the District of Columbia.

The term "federally protected function" means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof.

The term "department" includes executive departments.   The Department of Homeland Security, which includes the United States Secret Service, is an executive department.

The term "agency" includes any department, independent establishment, commission, administration, authority, board, or bureau of the United States.

<u>Concluding Remark for Count Five</u>

A defendant may be found guilty of the offense charged in Count Five if the defendant committed an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, attempted to do so, aided and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability.   I have already described each of these five ways of committing the offense.   If you find, unanimously and beyond a reasonable doubt, that the defendant committed the offense of obstructing, impeding, or interfering with law enforcement officers lawfully carrying out their official duties incident to a civil disorder in any one of these five ways, you should find the defendant guilty of Count Five and you need not consider whether the defendant committed the offense in the other four ways.

**Destruction of Government Property**

Counts Six and Seven of the indictment each charge all five defendants with injuring, damaging, or destroying property of the United States where that damage exceeded $1,000 for each count.   I will first explain the elements of the substantive offense.   I will then instruct you on the lesser-included offense of committing the crime where the value did not exceed $1,000 for each count.   The defendants are charged with two separate counts of destruction of government property for the destruction of a black metal fence and a U.S. Capitol window.   For each count, the government must prove beyond a reasonable doubt that the damage exceeded $1,000 as to the property at issue in that count.

Elements

In order to find a defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property or attempted to do so;

Second, that the defendant did so willfully;

Third, that the property involved was property of the United States, or of any department or agency thereof; and

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

If you find that the government proved each of the first three elements beyond a reasonable doubt as to any or all defendants, but that the damage or attempted damage to the property in question did not exceed $1,000, then you should find the defendant or defendants guilty of the lesser-included offense of destruction of government property of value less than $1,000.

Definitions

A defendant acts "willfully" if he acted with a bad purpose or knowledge that his conduct was unlawful.   While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that his conduct violated.

The government also does not need to prove that the defendant knew that the property belonged to the United States.

You must decide whether the damage or attempted damage to the property exceeded the sum of $1,000.    The value of the damage or attempted damage to the property is measured by the reasonable cost of repairing or the cost of replacing the property, whichever is less.    Do not speculate or guess at the value of the property.    Base your determination only on the evidence.

Concluding Remark for Counts Six and Seven

A defendant may be found guilty of the offenses charged in Counts Six and Seven if the defendant injured, damaged, or destroyed property of the United States, attempted to do so, aided and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability.   I have already described each of these five ways of committing the offense.   If you find, unanimously and beyond a reasonable doubt, that the defendant committed the offense of injuring, damaging, or destroying property of the United States in any one of these five ways, you should find the defendant guilty of Counts Six and Seven and you need not consider whether the defendant committed the offense in the other four ways.

**Assaulting, Resisting, or Impeding Certain Officers**

Counts Eight and Nine charge all five defendants with forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States

who was then engaged in the performance of his official duties, which is a violation of federal law. The defendants are charged with two separate counts of assaulting, resisting, or impeding certain officers by throwing a water bottle and taking a riot shield.   I will explain the elements of the offense, along with its associated definitions.

Elements

In order to find the defendants guilty of forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer or an employee of the United States who was then engaged in the performance of his official duties, you must find the following five elements beyond a reasonable doubt.

First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the United States Capitol Police.

Second, the defendant did such acts forcibly.

Third, the defendant did such acts voluntarily and intentionally.

Fourth, the officer from the United States Capitol Police was an officer or an employee of the United States who was then engaged in the performance of his official duties.

Fifth, the defendant acted with the intent to commit another felony. For purposes of this element in Count 8, "another felony" refers to any of the offenses charged in Counts One through Seven. In Count 9, "another felony" refers any of to the offenses charged in Counts One through Seven and Count 10.   In order to find this element satisfied, you must unanimously agree as to which other felony or felonies the defendant acted with the intent to commit.

### Definitions

The defendant acted "forcibly" if he used force, attempted to use force, or threatened to use force against the officer. A threat to use force at some unspecified time in the future is not sufficient to establish that the defendant acted forcibly.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.   A finding that one used force (or attempted or threatened to use it) is not the same as a finding that he attempted or threatened to inflict injury. In order to find that the defendant committed an "assault," you must find beyond a reasonable doubt that the defendant acted forcibly and that the defendant intended to inflict or intended to threaten injury.

The terms "resist," "oppose," "impede," "intimidate," and "interfere with" carry their everyday, ordinary meanings.

You are instructed that it was a part of the official duty of officers of the United States Capitol Police to protect the U.S. Capitol complex on January 6, 2021, and detain individuals who lacked authorization to enter the restricted area around the complex.   It is not necessary to show that the defendant knew the person being forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with was, at that time, a federal officer carrying out an official duty so long as it is established beyond a reasonable doubt that the victim was, in fact, a federal officer acting in the course of his duty and that the defendant intentionally forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with that officer.

### Concluding Remark for Counts Eight and Nine

A defendant may be found guilty of the offenses charged in Counts Eight and Nine if the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer from the

United States Capitol Police, aided and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability.   I have already described each of these four ways of committing the offense. If you find, unanimously and beyond a reasonable doubt, that the defendant committed the offense of assaulting, resisting, opposing, impeding, intimidating, or interfering with an officer from the United States Capitol Police in any one of these four ways, you should find the defendant guilty of Counts Eight and Nine and you need not consider whether the defendant committed the offense in the other three ways.

<u>Self-Defense</u>

Dominic Pezzola has offered evidence that he acted in self-defense and/or defense of another. The use of force is justified when a person reasonably believes that force is necessary for the defense of oneself or another against the immediate use of unlawful force.

To find that Mr. Pezzola was justified in using force against law enforcement officers, you must first find that that the exercise of force by law enforcement was unlawful because it was excessive.   If you so find, you may consider whether Mr. Pezzola reasonably defended himself or another from that unlawful exercise of force.

A person may use a reasonable amount of force in self-defense or defense of another.   A person may use an amount of force which, at the time of the incident, he actually and reasonably believes is necessary to protect himself or another from imminent bodily harm.

The question is not whether looking back on the incident you believe that the use of force was necessary. The question is whether Mr. Pezzola, under the circumstances as they appeared to him at the time of the incident, actually believed he or another was in imminent danger of bodily harm and could reasonably hold that belief.

If you find that Mr. Pezzola provoked imminent danger of bodily harm upon himself or another, he cannot rely upon the right of self-defense or defense of another to justify his use of force.   One who knowingly and unnecessarily places himself in a position in conscious disregard of a substantial risk that his presence will provoke a violent confrontation cannot claim self-defense or defense of another.

Self-defense is a defense to Counts Nine and Ten in the indictment. Mr. Pezzola is not required to prove that he acted in self-defense. Where evidence of self-defense or defense of another is present, the government must prove beyond a reasonable doubt that Mr. Pezzola did not act in self-defense or defense of another. If the government has failed to do so, you must find Mr. Pezzola not guilty.

## **Robbery of Personal Property of the United States**

Count Ten charges Dominic Pezzola with robbery of personal property of the United States, which is a violation of federal law.   I will explain the elements of the offense, along with its associated definitions.

### Elements

In order to find the defendant guilty of robbery of personal property of the United States, you must find the following six elements beyond a reasonable doubt, that

First, the defendant took property from a person,

Second, that the defendant did so against that person's will;

Third, that the defendant did so by force or violence;

Fourth, that the defendant carried the property away;

Fifth, that the defendant took the property without a right to it and intending to steal it, in other words, that he intended to permanently deprive the United States of it; and

Sixth, that the property was the personal property of the United States.

<u>Theft</u>

If you do not find, unanimously and beyond a reasonable doubt, that Dominic Pezzola committed robbery of personal property of the United States, you should consider whether he committed the lesser-included offense of theft of United States government property.

In order to find the defendant guilty of theft of United States government property, you must find the following four elements beyond a reasonable doubt, that

First, the defendant took property.

Second, the property belonged to the United States at the time it was taken.

Third, when the defendant took the property, he intended to deprive, without right, the owner of the use or benefit of the property.

Fourth, the property taken was of some value.

<u>Concluding Remark for Count Ten</u>

A defendant may be found guilty of the offense charged in Count Ten if the defendant unlawfully took property from a person, against his or her will, by means of actual or threatened force, violence, or fear of injury, attempted to do so, aided and abetted others in doing so, willfully caused others to do so, or as a result of co-conspirator liability. I have already described each of these five ways of committing the offense.  If you find, unanimously and beyond a reasonable doubt, that the defendant committed the offense of unlawful taking of property from a person, against his or her will, by means of actual or threatened force, violence, or fear of injury in any one of these five ways, you should find the defendant guilty of Count Ten and you need not consider whether the defendant committed the offense in the other four ways.

Before I excuse you to deliberate, I want to discuss a few final matters with you:

## Evaluation of Statements

You have heard evidence about statements made to and by some defendants and other individuals, including social media posts, podcasts, text and Telegram messages.  In some instances, I provided you with specific instructions about how you could consider a statement at the time it was introduced.  If I did not provide you with a specific instruction, you may consider other statements as follows:

You may consider statements admitted at trial in order to show that the speaker had a certain motive, intent, knowledge, or state of mind.  Or, if you find that a defendant saw or heard a statement from a person, you may consider a defendant's reaction or lack of a reaction to the statement.  You may use this type of evidence as proof that a conspiracy existed if you find that it is relevant to your consideration of whether a conspiracy existed.   However, you may not attribute a statement to a defendant simply because the speaker was a member of the same organization or part of the same chat groups.

The First Amendment of the United States Constitution protects an individual's right to free speech where that free speech does not pose an imminent risk of violence and is not likely to produce such violence.   You may not find that a defendant committed a crime or that a conspiracy existed simply because you find that a defendant or other individuals engaged in speech that you may find to be vile, hateful or offensive.

## Guilty Pleas

You have heard testimony that certain witnesses, namely Matthew Greene and Jeremy Bertino, pled guilty to certain charges related to January 6.  I have already provided you an instruction about your consideration of their testimony.   In addition, the evidence regarding their

guilty pleas was admitted for limited purposes relating to those witness' credibility or those witnesses' acknowledgment of their role in the alleged offense.   You may not use the fact that either witness entered a guilty plea, nor the fact that I accepted those guilty pleas, as evidence of the guilt of any defendant on trial in this case.

## Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.   There are no specific rules regarding how you should select a foreperson.   That is up to you.   However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence.   Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Cautionary Instruction on Publicity, Communication, and Research

I would like to remind you that, in some cases there may be reports in the newspaper or on the radio, internet, or television concerning this case.   If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.   You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.   Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.   During deliberations, you may not communicate with

anyone not on the jury about this case.    This includes any electronic communication such as email or text or any blogging about the case.    In addition, you may not conduct any independent investigation during deliberations.    This means you may not conduct any research in person or electronically via the internet or in another way.

## Communication Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk, the marshal, or me—how jurors are voting until after you have reached a unanimous verdict.    This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

## Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.    It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.    When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.    Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.    Calmly reviewing and discussing

the case at the beginning of deliberations is often a more useful way to proceed.   Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

### Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.   The duty of imposing sentence in the event of a conviction rests exclusively with me.   Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

### Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence.   You may examine any or all of them as you consider your verdicts.   Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to see or hear portions of the video or audio recordings that I have admitted into evidence, you will have those exhibits available to you for deliberation.

### Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes.   You may take your notebooks with you to the jury room and use them during your deliberations if you wish.   As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence.   The notes are intended to be for the notetaker's own personal use.

**Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations.   The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.   Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.   The form is meant only to assist you in recording your verdict.

**Delivering the Verdict**

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should fill out and sign the verdict form that will be provided. We will then call you into the courtroom and ask you your verdict in open court.

**Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing personal.   We selected alternate seats before any of you entered the courtroom.   I will now excuse those jurors in seats 11, 12, and 15.   Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk.   I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.   Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.   My earlier instruction on use of the internet still applies; do not research this case or communicate about it on the internet.   In all likelihood, we will be calling you to tell you there has been a verdict and you

are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.   Thank you very much for your service, and please report back to the jury office on your way out.

You may now retire to begin your deliberations.