UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-CR-175-5 (TJK) |
| | : | |
| ENRIQUE TARRIO, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S OPPOSITION TO TARRIO'S MOTION TO DIRECT THE BUREAU OF PRISONS TO HOUSE TARRIO IN THE ALEXANDRIA DETENTION CENTER DURING THE PENDENCY OF HIS SENTENCE

The United States respectfully submits this response to Defendant Enrique Tarrio's Motion for an Order from this Court that would direct the Bureau of Prisons to house Tarrio in the Alexandria Detention Center[1] for the remainder of his sentence. The Court should deny the motion. The Bureau of Prisons has sole authority to designate the place of imprisonment, and the designation is not reviewable by any court. 18 U.S.C. § 3621(b). Furthermore, as explained herein, after a series of movements that included transfer of the defendant to the D.C. area for testimony at the trial of *United States v. Shane Lamond*, the defendant is presently located at his designated facility—FCI Pollock in Louisiana. No additional movement is necessary to accommodate the defendant's demands. Accordingly, the defendant's motion should be denied.

### PROCEDURAL AND FACTUAL BACKGROUND

On March 7, 2022, a grand jury returned a Second Superseding Indictment charging

---

[1] The Alexandria Detention Center is not a facility owned or operated by the U.S. Bureau of Prisons. Federal prisoners are housed at the Alexandria Detention Center through a contract with the U.S. Marshals Service. Accordingly, while the law forecloses the relief sought be defendant here, the government also notes that the defendant's request to be incarcerated for the remaining term of his sentence at the Alexandria Detention Center cannot be accommodated.

Enrique Tarrio with multiple felonies stemming from his and his co-conspirators' efforts to obstruct the certification of the Electoral College vote related to the 2020 presidential election and conspire to use force against the United States government. ECF 370 at 1. The defendant was arrested on March 8, 2022, the day after the indictment was returned. *Id.* Magistrate Judge Lauren F. Louis of the Southern District of Florida held a hearing and ordered the defendant detained. On April 18, 2022, the defendant moved to revoke the detention order (ECF 341), and this Court denied the defendant's motion to revoke. ECF 369 and 370. This Court ordered that the defendant be transported back to FDC Miami pending trial to ensure, among other things, that the defendant could adequately prepare for trial in December 2022. ECF 371. The government concurred in this specific placement to facilitate trial readiness.

The defendant remained at FDC Miami until November 2022 when he was transported to the Washington, D.C. area in advance of trial in December 2022. On May 4, 2023, the defendant was convicted of six felonies. The defendant was transported back to FDC Miami pending sentencing on September 5, 2023.

On September 5, 2023, this Court sentenced the defendant to 22 years of incarceration. The Bureau of Prisons subsequently designated FCI Manchester, a medium security facility in Kentucky, as the facility for the defendant. The defendant remained at FCI Manchester from October 30, 2023, until September 3, 2024. In August 2024, the defendant was redesignated to FCI Pollock, a medium security facility in Louisiana.

Around the same time as the defendant's redesignation and efforts to transfer the defendant from FCI Manchester to FCI Pollock in September 2024, the U.S. Marshals were also making arrangements to transport the defendant to Washington, D.C. to appear as a witness for the defense in the trial *United States v. Shane Lamond*, 23-cr-177 (ABJ). Specifically, on or about August 1,

2024, the U.S. Marshals received a *writ* to produce the defendant for trial on October 2, 2024. The trial was subsequently continued (*see Lamond* Minute Order Oct. 1, 2024), and the trial was reset for a Bench Trial on December 2, 2024 (*see* ECF 80; *see also* Minute Order Nov. 20, 2024). In connection with resetting the trial, or about October 1, 2024, the U.S. Marshals received a *writ* to produce the defendant for trial on December 2, 2024.

On December 5, 2024, the defendant testified for the defense during the *Lamond* trial. Following his testimony, the defendant was transported to his facility of designation, FCI Pollock. The defendant arrived at FCI Pollock on December 10, 2024. There are no further anticipated movements for the defendant at this time.

## ARGUMENT

The defendant is not entitled to the relief sought here, and the Court does not have the authority to order that a defendant be confined or moved to a particular facility. *See* 18 U.S.C. § 3621(b); *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) ("A sentencing court has no authority to order that a convicted defendant be confined in a particular facility[.]").

Indeed, the statute governing placement of "convicted persons" is unequivocal. *See* 18 U.S.C. § 3621(b). The statute states that the Bureau of Prisons "shall designate the place of the prisoner's imprisonment" after consideration of enumerated factors. *Id.* The statute then explains that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under [18 U.S.C. § 3621(b)] is not reviewable by any court." *Id.* Unsurprisingly, courts have acknowledged that the decisions concerning placement of prisoners are "within the sole discretion of the Bureau of Prisons." *Williams*, 65 F.3d at 307 (2d Cir. 1995).

The defendant points to this Court's previous Transport Order (ECF 371) as an example of the Court's authority to direct the Bureau of Prisons to move an inmate. However, that example is

plainly distinguishable and not covered by 18 U.S.C. § 3621(b). At the time of this Court's Transport Order (ECF 371), the defendant was detained pre-trial and not a "person who has been sentenced to a term of imprisonment" pursuant to 18 U.S.C. § 3581 *et seq.* The defendant's current status as a "person who has been sentenced to a term of imprisonment" places authority for his placement squarely within 18 U.S.C. § 3621(b) and thus "within the sole discretion of the Bureau of Prisons" and "not reviewable by any court." 18 U.S.C. § 3621(b); *Williams*, 65 F.3d at 307 (2d Cir. 1995).

The defendant also asserts that he has been subjected to periods of time in the Special Housing Unit (SHU), claiming that such treatment unfairly places him in seclusion.[2] But the defendant simultaneously concedes that his time in the SHU is the result of the defendant's "relocation process." ECF 148 at 5 ("Mr. Tarrio is subjected to the SHU just because of his relocation process."). As this Court and defense counsel know, the transfer of inmates in federal custody from Point A to Point B often requires intervening stops at other facilities. The U.S. Marshals are responsible for the movement of thousands of inmates per week, and movements of prisoners are often consolidated for a variety of reasons, including budgetary considerations and the safety and security of inmates and staff. Inmates in the process of transferring between facilities may be temporarily held outside of general population upon arrival at a temporary facility to ensure the health, safety and security of the inmate in transit, the other inmates, and prison staff. This segregation allows time for the facility to conduct necessary health screenings, evaluate potential conflicts between inmates, and analyze security risks in light of the arrival of a new inmate.

---

[2] The government does not concede the accuracy of the information in the defendant's chart. Should the Court find it necessary to resolve this motion, the government can provide a schedule of defendant's movements and incarceration status. For the reasons set forth herein, the government submits that such information is not necessary to resolve the defendant's motion.

Here, the court order to produce the defendant at the *Lamond* trial in Washington, D.C. and that trial's continuance from October 2 to December 2 appear to have contributed to a series of transfers for the defendant. At this time, the government is not aware of any facts that would indicate that such conditions and outside influences (e.g., the need to produce the defendant for testimony) would be replicated.

Rather, just as from October 2023 until September 2024 when the defendant was incarcerated at his place of designation at FCI Manchester, the defendant is presently incarcerated at his place of designation at FCI Pollock.

## **CONCLUSION**

For the foregoing reasons, the Court should deny the defendant's motion.

          Respectfully Submitted,

          MATTHEW M. GRAVES
          United States Attorney
          D.C. Bar No. 481052

By:    */s/ Jason B.A. McCullough*
          JASON B.A. MCCULLOUGH
             DC Bar No. 998006; NY Bar No. 4544953
          ERIK M. KENERSON, OH Bar No. 82960
          CONOR MULROE, NY Bar No. 5289640
          Assistant United States Attorneys
          601 D Street NW
          Washington, D.C. 20530
          (202) 252-7233
          Jason.McCullough2@usdoj.gov